**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

KEVIN DAVIS, Individually, and On Behalf of All
Others Similarly Situated,

        Plaintiff,

v.

WILD FRIENDS FOODS, INC.,

        Defendant.

Case No: 1:22-cv-04244-LJL

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO RULES 12(b)(1) AND 12(b)(6)**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................... 1

BACKGROUND .................................................................................................................... 2

LEGAL STANDARD............................................................................................................. 3

ARGUMENT ......................................................................................................................... 4

I.    PLAINTIFF WAS NOT INJURED AND THEREFORE LACKS
      ARTICLE III STANDING. ...................................................................................... 5

II.   PLAINTIFF'S CLAIMS ARE IMPLAUSIBLE BECAUSE THE
      WEBSITE IS ADA COMPLIANT........................................................................... 6

III.  PLAINTIFF FAILED TO ALLEGE THAT WILD FRIENDS REFUSED
      TO MAKE REASONABLE MODIFICATIONS TO ITS WEBSITE............................ 11

CONCLUSION..................................................................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

*Adams v. 724 Franklin Ave. Corp.*,
  No. 16-CV-5138 (BMC), 2016 WL 7495804 (E.D.N.Y. Dec. 30, 2016)................................. 2

*AJ Energy LLC v. Woori Bank*,
  829 F. App'x 533 (2d Cir. 2020)................................................................................ 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................. 4

*Atl. Recording Corp. v. Project Playlist, Inc.*,
  603 F. Supp. 2d 690 (S.D.N.Y. 2009) ................................................................. 4, 8

*Camarillo v. Carrols Corp.*,
  518 F.3d 153 (2d Cir. 2008)...................................................................................... 7

*Castillo v. Hudson Theatre, LLC*,
  412 F. Supp. 3d 447 (S.D.N.Y. 2019)..................................................... 12, 13, 14

*Cent. States Se & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*,
  4333 F.3d 181 (2d Cir. 2005).................................................................................... 3

*Davis v. FEC*,
  554 U.S. 724, 734 (2008) ......................................................................................... 4

*Del-Orden v. Bonobos, Inc.*,
  No. 17 Civ. 2744 (PAE), 2017 WL 6547902 (S.D.N.Y. Dec. 20, 2017).................................. 8

*Dominguez v. Banana Republic, LLC*,
  No. 1:19-CV-10171-GHW, 2020 WL 1950496 (S.D.N.Y. Apr. 23, 2020).............................. 13

*Dudley v. Hannaford Bros. Co.*,
  333 F. 3d 299 (1st Cir. 2003) ................................................................................. 13

*Ebomwonyi v. Sea Shipping Line*,
  473 F. Supp. 3d 338 (S.D.N.Y. 2020)....................................................................... 4

*Gorran v. Atkins Nutritionals, Inc.*,
  464 F. Supp. 2d 315 (S.D.N.Y. 2006).................................................................. 5, 9

*Guglielmo v. Nebraska Furniture Mart, Inc.*,
  19 Civ. 11197 (KPF), 2020 WL 7480619 (S.D.N.Y. Dec. 18, 2020)........................................ 6

*Knievel v. ESPN, Inc.*,

    223 F. Supp. 2d 1173 (D. Montana 2002).............................................................................. 5, 9

*Krist v. Kolombos Rest. Inc.*,

    688 F.3d 89 (2d Cir. 2012).......................................................................................................... 8

*Krys v. Pigott*,

    749 F.3d 117 (2d Cir. 2014)........................................................................................................ 6

*Lujan Defs. v. Defs. of Wildlife*,

    504 U.S. 555 (1992) ................................................................................................................... 4

*Orozco v. Fresh Direct, LLC*,

    No. 15-CV-8226 (VEC), 2016 WL 5416510 (S.D.N.Y. Sept. 27, 2016) .............................. 4, 9

*Roberman v. Alamo Drafthouse Cinema Holdings, LLC*,

    120 N.Y.S.3d 709 (N.Y. Sup. Ct. 2020) ................................................................................... 8

*Schoengood v. Hofgur LLC*,

    No. 20-CV-2022 (KAM), 2021 WL 1906501 (E.D.N.Y. May 12, 2021) ............................... 12

*Shaywitz v. American Bd. of Psychiatry and Neurology*,

    848 F. Supp. 2d 460 (S.D.N.Y 2012)....................................................................................... 13

*Sullivan v. BDG Media, Inc.*,

    146 N.Y.S.3d 395 (N.Y. Sup. Ct. 2021) ........................................................................... 12, 14

*Sullivan v. Study.com LLC*,

    18-cv-1939 (JPO), 2019 WL 1299966 (S.D.N.Y. Mar. 21, 2019)............................................ 8

*TransUnion LLC v. Ramirez*,

    141 S. Ct. 2190 (2021) ........................................................................................................... 6, 7

## **STATUTES**

28 C.F.R. § 36.303(c)(1)(ii) ............................................................................................................ 12

42 U.S.C. § 12182(a) ........................................................................................................................ 7

N.Y. Exec. Law § 296(2)(c)(i)-(ii).................................................................................................. 11

Defendant Wild Friends Foods, Inc. ("Wild Friends") respectfully submits this Memorandum of Law in support of its Motion to Dismiss Kevin Davis's ("Plaintiff") First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## INTRODUCTION

Plaintiff's amended complaint—which adds only a couple superfluous allegations—should be dismissed for all the same reasons as Wild Friends identified in the original motion to dismiss. Plaintiff alleges no actual injury, because he made no effort to notify Wild Friends of its supposed violation of his rights before filing suit, and because his allegations are implausible.

Wild Friends is a company that offers a variety of nut butters, including almond butter, hazelnut butter, peanut butter, keto butter, and sunflower butter. It sells a small number of its products on its website, wildfriendsfoods.com, which is accessible to the blind and visually impaired.

Plaintiff is a serial litigant who claims he was denied "access" to wildfriendsfoods.com because it does not comport with his self-determined notions of what makes websites "accessible" to the visually impaired. In the last year, he has filed the same complaint in over four dozen cases in this jurisdiction, against businesses ranging from a Florida State merchandise store (*Davis v. Garnet & Gold Inc.*, No. 1:22-cv-4274 (S.D.N.Y. May 24, 2022)), to a youth hockey club in Dallas (*Davis v. HSE Hockey Club LP*, No. 1:22-cv-4272 (May 24, 2022)), to a famous art museum (*Davis v. Whitney Museum of American Art*, No. 1:22-4245 (May 24, 2022)), to a statue retailer (*Davis v. Statue.com Inc.*, No. 1:22-cv-6217 (July 21, 2021)), to a girls' skateboarding store (*Davis v. Crailtap LLC*, No. 1:21-6185 (July 20, 2021)). Of course, Plaintiff did not actually try to acquire some Seminole merchandise, enroll in a youth hockey league, plan a visit to the Whitney, order a statue, or stock up on the latest girls' skate fashions.

Rather, he targeted these and many other small businesses without regard to whether their websites are genuinely accessible or even attempting to contact them because he is looking to make money for himself and his lawyer and knows that litigation will impose a high cost on his targets. *See Adams v. 724 Franklin Ave. Corp.*, No. 16-CV-5138 (BMC), 2016 WL 7495804, at *2 (E.D.N.Y. Dec. 30, 2016) (collecting cases) (recognizing growing cottage industry that "brings multiple cases against small businesses on behalf of the same plaintiff when that plaintiff has no genuine intention of using the services of so many businesses").

Plaintiff's copy-and-paste allegations are meritless and should be dismissed for at least three reasons. **First**, his pattern of visiting websites so he can file suit—and his failure to allege that any accessibility barrier on Wild Friends's website prevented him from purchasing a specific product—demonstrates that he lacks standing. **Second**, Plaintiff's claims are implausible under Rule 12(b)(6) because wildfriendsfoods.com is accessible to the visually impaired, which the Court can confirm by visiting it. **Third**, Plaintiff failed to allege that he requested any modification of any website or that Wild Friends denied such a request, which are factual predicates for his claims. Wild Friends respectfully submits that Plaintiff's motion must be dismissed for each of these reasons.

## BACKGROUND

Wild Friends makes a variety of nut butters, including almond butter, hazelnut butter, peanut butter, keto butter, and sunflower butter. It sells a small number of its products on its website, wildfriendsfoods.com, which is accessible to the blind and visually impaired.

Plaintiff sued Wild Friends because he supposedly visited its website once and identified what he determined to be "accessibility barriers." (FAC ¶¶ 5, 25.) Plaintiff alleges that he was interested in purchasing Wild Friends's Organic Honey Sunflower Butter (*id.* ¶ 25) but does not

allege that he had ever purchased it before, purchased it in a store, or purchased it via another online retailer. Plaintiff also never states that he ever requested a modification of the website that would allow him to complete a transaction.

On July 28, 2022, Wild Friends filed a motion to dismiss the original complaint. (Dkt. 10-11.) On August 10, 2022, the Court permitted Plaintiff to file an amended complaint and denied Wild Friends's motion as moot. (Dkt. 14.) On August 18, 2022, Plaintiff filed the First Amended Complaint ("FAC"), which added allegations that Plaintiff specifically sought to purchase Wild Friend's Organic Honey Sunflower Butter (FAC ¶¶ 2-3, 5, 11, 22, 24-25), reduced the number of supposed "accessibility issues" from nine to two (*id.* ¶ 4), specified further visits to Wild Friends's website (*id.* ¶ 24), and introduced a misspelling of his own name into the caption.

## **LEGAL STANDARD**

A motion to dismiss brought under 12(b)(1) should be granted when the plaintiff lacks Article III standing, and thus the Court "has no subject matter jurisdiction to hear [his] claim." *Cent. States Se & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 4333 F.3d 181, 197 (2d Cir. 2005). A plaintiff bears the burden of establishing standing by showing (1) he has suffered a concrete injury in fact (2) that is fairly traceable to a defendant's challenged conduct and (3) will likely be redressed by a favorable decision. *Lujan Defs. v. Defs. of Wildlife*, 504 U.S. 555, 560, 560-61 (1992). A plaintiff must demonstrate standing for each claim and each form of relief sought. *Davis v. FEC*, 554 U.S. 724, 734 (2008).

To withstand a motion to dismiss under Rule 12(b)(6), "the plaintiff must allege enough facts to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Ebomwonyi v. Sea Shipping Line*, 473 F. Supp. 3d 338, 344 (S.D.N.Y. 2020) (Furman, J.), *aff'd*, No. 20-

3344, 2022 WL 274507 (2d Cir. Jan. 31, 2022). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Specifically, the Court may consider a website when it is incorporated by reference into the complaint. *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 693 n.3 (S.D.N.Y. 2009) ("Because the Website is incorporated by reference into the Complaint, the Court may consider it on a motion to dismiss."); *Orozco v. Fresh Direct, LLC*, No. 15-CV-8226 (VEC), 2016 WL 5416510, at *1 n.1 (S.D.N.Y. Sept. 27, 2016) ("Because, however, the Complaint relies explicitly on [the] website, the Court will consider the totality of the website as of the relevant date."); *Gorran v. Atkins Nutritionals, Inc.*, 464 F. Supp. 2d 315, 319 n.1 (S.D.N.Y. 2006) (drawing facts from the Website, which was incorporated by reference into the Complaint); *Knievel v. ESPN, Inc.*, 223 F. Supp. 2d 1173, 1176 (D. Montana 2002) (deciding "it is appropriate for the Court to look beyond the pleadings in this matter and consider the contents of the website when ruling on [defendant's] motion to dismiss.").

## ARGUMENT

Plaintiff's claims should be dismissed because he has not suffered a concrete injury that may be redressed by this Court. Also, the allegations in the FAC are implausible: the website, which is incorporated by reference into the FAC, is fully accessible to the visually impaired. Finally, the Plaintiff fails to allege facts sufficient to state a claim. There are no allegations that Wild Friends denied Plaintiff any accommodation or modification of the website, which are indispensable elements of a discrimination claim under the ADA and New York City laws.

## I.      PLAINTIFF WAS NOT INJURED AND THEREFORE LACKS ARTICLE III STANDING.

Plaintiff asserts causes of action under the ADA and the New York City Human Rights Law ("NYCHRL").[1] (FAC ¶¶ 38-53.) To have standing to assert a claim under those statutes, a plaintiff must at a minimum allege (i) that the defendant's conduct caused him injury, (ii) that such discriminatory conduct will continue, and (iii) he will return to the website. *See Guglielmo v. Nebraska Furniture Mart, Inc.*, 19 Civ. 11197 (KPF), 2020 WL 7480619, at *4 (S.D.N.Y. Dec. 18, 2020).

Plaintiff is a professional litigant who sues website owners that caused him no actual injury. As the Supreme Court recently reaffirmed in *TransUnion LLC v. Ramirez*, "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." 141 S. Ct. 2190, 2205 (2021) (emphasis in the original). The Court further held that "Article III does not give federal courts the power to order relief to any uninjured plaintiff," including "unharmed plaintiffs" like Plaintiff in this case that are "doing no more than enforcing general compliance with regulatory law." *Id.* at 2207 n.3.

In his capacity as a tester, Plaintiff has filed over 50 nearly identical complaints in which he makes identical allegations about how he supposedly attempted to patronize websites but was denied access. Here, in addition to visiting the website as a self-appointed ADA enforcer, Plaintiff also alleges he visited the website to "*inter alia*, purchase organic honey sunflower butter." (FAC ¶ 2.) Given Plaintiff's history of filing nearly identical lawsuits against countless other websites, his allegations that he ever intended to purchase anything on Wild Friends's

---

[1] The FAC also contains a third cause of action for declaratory relief, which is dependent upon the other two causes of action and therefore should also be dismissed. (FAC ¶¶ 54-56.)

website should not be credited. *See Krys v. Pigott*, 749 F.3d 117, 133 (2d Cir. 2014) (a court may dismiss claims that are "implausible in light of factual allegations in the pleading itself"); *AJ Energy LLC v. Woori Bank*, 829 F. App'x 533, 534 (2d Cir. 2020) (affirming dismissal and award of Rule 11 sanctions when plaintiff implausibly alleged that it repeatedly transferred money to a bank that supposedly stole it).

Moreover, although Plaintiff alleges that the purported "accessibility barriers" of the website "imped[ed] his ability to make an informed decision as to products to purchase" and "delay[ed] [his] ability to navigate the website," Plaintiff does not, nor can he, allege that any of the alleged barriers actually prevented him from placing an order. (FAC ¶ 4.) He therefore was not injured and lacks standing to bring a claim. His efforts to enforce "general compliance with regulatory law" in the absence of any actual injury has no place in federal courts in light of *TransUnion*, especially given his failure to allege any concrete injury caused by the supposed accessibility barriers on the website.

## II.    PLAINTIFF'S CLAIMS ARE IMPLAUSIBLE BECAUSE THE WEBSITE IS ADA COMPLIANT.

The elements of causes of action under the ADA and NYCHRL are essentially the same in the disability context. To state a claim under Title III of the ADA, a plaintiff must allege that (1) he is disabled within the meaning of the ADA; (2) defendant owns, leases, or operates a place of public accommodation; and (3) defendant discriminated against him by refusing to provide him a full and equal opportunity to enjoy the services defendant provides. *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008); *see* 42 U.S.C. § 12182(a). "While the NYCHRL[2]

---

[2] To state a claim under NYCHRL, a plaintiff must allege that "(1) [she] is a member of a protected class as defined by the NYCHRL; (2) [Defendant] directly or indirectly refused, withheld from, or denied an accommodation, advantage, facility, or privilege thereof based, in

'provides somewhat broader rights' than the ADA and requires 'independent liberal construction,' claims for disability discrimination arising under the NYCHRL are governed by the same legal standards as federal ADA claims." *Roberman v. Alamo Drafthouse Cinema Holdings, LLC*, 120 N.Y.S.3d 709, 712 (N.Y. Sup. Ct. 2020) (citing *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 97 (2d Cir. 2012); *Sullivan v. Study.com LLC*, 18-cv-1939 (JPO), 2019 WL 1299966, at *6 (S.D.N.Y. Mar. 21, 2019)).

Plaintiff's FAC should be dismissed because his claims are implausible: the website complies with the ADA. The website's accessibility can be established at the pleading stage and is a separate and independent reason to dismiss Plaintiff's claims. *See Del-Orden v. Bonobos, Inc.*, No. 17 Civ. 2744 (PAE), 2017 WL 6547902, at *12-13 (S.D.N.Y. Dec. 20, 2017) (court may review website at issue to determine whether any accessibility barriers exist and thus whether Plaintiff's claims are plausible); *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 693 n.3 (S.D.N.Y. 2009) ("Because the Website is incorporated by reference into the Complaint, the Court may consider it on a motion to dismiss."); *Orozco*, 2016 WL 5416510, at *1 n.1 ("Because, however, the Complaint relies explicitly on [the] website, the Court will consider the totality of the website as of the relevant date."); *Gorran v. Atkins Nutritionals, Inc.*, 464 F. Supp. 2d 315, 319 n.1 (S.D.N.Y. 2006) (considering facts from the Website, which was incorporated by reference into the Complaint); *Knievel v. ESPN, Inc.*, 223 F. Supp. 2d 1173, 1176 (D. Montana 2002) (deciding "it is appropriate for the Court to look beyond the pleadings

---

whole or in part, on [Plaintiff's] membership in a protected group; and (3) [Defendant] acted in such a manner and circumstances as to give rise to the inference that its actions constituted discrimination in violation of Section 8-107(4)." *Roberman v. Alamo Drafthouse Cinemas Holdings, LLC,* 120 N.Y.S.3d 709, 714 (N.Y. Sup. Ct. 2020).

in this matter and consider the contents of the website in ruling on [Defendant's] motion to dismiss.").

The Wild Friends website provides everything that a visually impaired consumer needs to purchase a product. Each product page has an image of the product with its name and description, a mechanism for selecting quantity, an "add to cart" button to allow purchases,



and fields for shipping and payment information.







Each of these elements on the website has an associated "label" or "button" in the website's HTML code. During the purchasing process, screen readers "will read out loud the label, when the user is focused on the element." Refsnes Data, https://www.w3schools.com/tags/tag_label.asp (last visited July 26, 2022). Similarly, "[b]uttons are interactive controls and thus focusable," and "when the button role is used, screen readers announce the element." Mozilla, https://developer.mozilla.org/en-US/docs/Web/Accessibility/ARIA/Roles/button_role (last visited July 26, 2022); *see also* Refsnes Data, https://www.w3schools.com/tags/tag_button.asp (last visited July 26, 2022).

The FAC identifies two alleged "accessibility barriers"—seven fewer than the original complaint—namely, (1) "[t]he screen reader fails to access the 'search' function on the website, delaying Plaintiff's ability to navigate the website and impeding his ability to make an informed decision as to products to purchase as a sighted New York customer would," and (2) "[t]he screen reader fails to indicate the current focus on a given webpage, which disorients Plaintiff as to what information is available on a given page" and "delays Plaintiff's ability to navigate the website as a sighted New York customer would." (FAC ¶ 4.) In addition to being described in an untrue or misleading manner, neither of these alleged "barriers" prevented Plaintiff from using the website or purchasing a product. Every product on the website has a text description that can be read by any screen-reading software, including Plaintiff's NVDA software. Further, each of the links on the website, including links to purchase specific products, have an associated "label" or "button" in the website's HTML code which screen-reading software—such as Plaintiff's NVDA software—will read out load when the user is focused on the element.

Thus, the Court can look to the website to confirm that there are no barriers that could prevent Plaintiff or any other visually impaired individual from purchasing a product. Plaintiff's claims should be dismissed as implausible.

## III. PLAINTIFF FAILED TO ALLEGE THAT WILD FRIENDS REFUSED TO MAKE REASONABLE MODIFICATIONS TO ITS WEBSITE.

Plaintiff also failed to allege that he requested a reasonable modification of the website that was subsequently refused. "A plaintiff's request for a reasonable modification is necessary to determine whether the defendant could reasonably provide such modification and whether the defendant's subsequent failure to do so constitutes discrimination." *Castillo v. Hudson Theatre, LLC*, 412 F. Supp. 3d 447, 451 (S.D.N.Y. 2019) (dismissing ADA claim.); *Schoengood v. Hofgur LLC*, No. 20-CV-2022 (KAM), 2021 WL 1906501, at *5 (E.D.N.Y. May 12, 2021) ("[D]espite defendants being on notice of plaintiffs' disabilities, they were not on notice regarding plaintiffs' requested accommodations, which inherently invalidates the reasonable accommodation claim."). An unlawful discriminatory practice in the context of disability discrimination includes "a refusal to make reasonable modifications in policies, practices, or procedures" that are needed to enable an individual with a disability to take advantage of a place of accommodation; or, similarly, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services." *Sullivan v. BDG Media, Inc.*, 146 N.Y.S.3d 395, 402 (N.Y. Sup. Ct. 2021) (quoting N.Y. Exec. Law § 296(2)(c)(i)-(ii)) (dismissing NYCHRL claims based on website inaccessibility because plaintiff did not allege that he sought and was denied a modification or accommodation).

The requirement that a defendant must refuse to provide an accommodation before it may be held liable under the ADA or New York City laws makes sense: the "requirement that private

entities make 'reasonable accommodations' for disabled individuals would be rendered meaningless if the entity had no basis for knowing (1) what accommodations the plaintiff was seeking, and (2) whether those accommodations were reasonable in light of the disability . . . ." *Castillo,* 412 F. Supp. 3d at 451 (quoting *Shaywitz v. American Bd. of Psychiatry and Neurology*, 848 F. Supp. 2d 460, 467 (S.D.N.Y 2012); citing *Dudley v. Hannaford Bros. Co.*, 333 F. Supp. 299, 309 (1st Cir. 2003)). "Indeed, the implementing regulations contemplate that a public accommodation will '*consult* with individuals with disabilities whenever possible to determine what type of auxiliary aid is needed to ensure effective communication.'" *Dominguez v. Banana Republic, LLC*, No. 1:19-CV-10171-GHW, 2020 WL 1950496, at *11 n. 6 (S.D.N.Y. Apr. 23, 2020) (emphasis in the original) (quoting 28 C.F.R. § 36.303(c)(1)(ii)).

Here, Plaintiff's FAC does not allege that Wild Friends refused to make necessary modifications to its website or refused to take steps necessary for Plaintiff to enjoy the website content without auxiliary aids "because [Plaintiff] has not alleged that he ever *requested* such steps or modifications in the first place." *Sullivan v. BDG Media, Inc.*, 146 N.Y.S.3d at 402 (emphasis in original). There are no allegations in the FAC that Wild Friends "would refuse to make reasonable modifications on request." *Id.* at 403; *see Castillo*, 412 F. Supp. 3d at 452. Nor could there be, as the website provides straightforward means to contact Wild Friends. *See* https://wildfriendsfoods.com/pages/contact-us (last visited July 26, 2022). Accordingly, Plaintiff's claims should be dismissed. *See Castillo*, 412 F. Supp. 3d at 452 (dismissing ADA claim when the defendant's "websites contained several resources regarding ADA compliance, including contact information for a representative who could be reached regarding ADA accessibility.").

## <u>CONCLUSION</u>

For the foregoing reasons, Wild Friends respectfully requests this Court dismiss all claims against with prejudice.

Dated: September 23, 2022

Respectfully Submitted,

Eric Schlabs, Esq.
**BRAUNHAGEY & BORDEN LLP**
118 W 22nd Street, 12th Floor
New York, NY 10011
Tel. & Fax: (646) 829-9403
schlabs@braunhagey.com

*Attorneys for Defendant*
*Wild Friends Foods, Inc.*