UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

KEVIN DAVIS, Individually, and On Behalf :    Civil Action No.: 1:22-cv-04244 (LJL)
of All Others Similarly Situated, :
:
:
Plaintiff, :
:
:
vs. :    <u>ORAL ARGUMENT REQUESTED</u>
:
:
WILD FRIENDS FOODS INC., :
Defendant. :
:
:
:

———————————————————— x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
<u>MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

**Pages**

I.    INTRODUCTION…………………….…………………………………...1

II.   STATEMENT OF FACTS……………………………………………...4

III.  LEGAL STANDARDS…………………………………………………...5

    A.  Standards On a Motion Pursuant to
    Fed. R. Civ. P. 12(b)(1)…..……………………………………………6

    B.  Standard for Article III Standing …………………………………6

    C.  Standards On a Motion Pursuant to
    Fed. R. Civ. P. 12(b)(6)…..……………………………………………7

IV.   ARGUMENT…………………………………………………………..8

    A. The FACAC Properly Pleads an ADA Claim……..……….………...8

    B. This Court has Subject Matter Jurisdiction……….  ..… …………...8

    C. *Calcano v. Swarovski* is Inapposite…………………….…………..11

        i.    Calcano's standing analysis was limited to whether there was
            "imminent" injury, not the "actual injury alleged in this case .12

        ii.   Plaintiff has sufficient established standing by showing that he
            suffered an "imminent" injury-in-fact…..…...……………16

    D.  The Case is Not Mooted…………………….…………………..17

    E. Plaintiff Need Not Request Reasonable Accommodation……………19

    F. The Complaint's NYCHR Claim Survives as Well……………...…22

V.    CONCLUSION…………………………………...……..………………23

i

# TABLE OF AUTHORITIES

**Pages**

## CASES

*Allen v. Wright*, 468 U.S. 737, 104 S.CT. 3315, 82 L.Ed. 2d 556 (1984) ...................................... 6

*Angeles v. Grace Prods.*, 20-cv-10167 (AJN), 2021 U.S. Dist. LEXIS 182317
    (S.D.N.Y. Sept. 23, 2021) ........................................................................................... 16, 18

*Bassaw v. United Indus. Corp.*, No. 19-CV-7759 (JMF), 2020 U.S. Dist. LEXIS
    157800 (S.D.N.Y. Aug. 31, 2020) ...................................................................................... 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................................................... 7

*Bullard v. Drug Policy All.*, 18 Civ. 8081 (KPF), 2019 U.S. Dist. LEXIS 222854
    (S.D.N.Y. Dec. 30, 2019) ................................................................................................. 23

*Calcano v. Swarovski N. Am Ltd.*, 2022 U.S. App. Lexis 15177 (2d Cir. June 2, 2022) ...... *passim*

*Camacho v. Vanderbilt Univ.*, 18 Civ. 10694 (KPF), 2019 U.S. Dist. LEXIS 209202
    (S.D.N.Y. Dec. 4. 2019)................................................................................. 3, 10, 11, 17

*Castillo v. Hudson Theatre, LLC*, 412 F. Supp. 3d 447 (S.D.N.Y. 2019) .................................... 20

*Chapman v. Piers 1 Imps. (U.S.), Inc.*, 631 F.3d 939 (9th Cir. 2011) .................................... 13, 14

*Cortec Industries, Inc., v. Sum Holding L.P.*, 949 F.2d 42 (2d. Cir. 1991) .................................. 23

*Del-Orden v. Bonobos Inc.*, 17 Civ. 2744 (PAE) 2017 U.S. Dist. LEXIS 209251
    (S.D.N.Y. Dec. 20, 2017)............................................................................................ 19, 21

*Diaz v. Kroger Co.*, 18 Civ. 7953 (KPF), 2019 U.S. Dist. LEXIS 93177 (S.D.N.Y.
    June 4, 2019)................................................................................................................... 19

*Dominguez v. Grand Lux Café LLC*, No. 19-cv-10345 (MKV), 2020 U.S. Dist.
    LEXIS 109679 (S.D.N.Y. June 22, 2020) ......................................................................... 3

*Feltenstein v. City of New Rochelle*, 254 F. Supp. 3d 647 (S.D.N.Y. 2017) ................... 11, 13, 21

*Gregory v. Daly,* 243 F.3d 687 (2d Cir. 2001) ............................................................................... 5

*Guglielmo v. Neb. Furniture Mart, Inc.*, 19 Civ. 11197 (KPF), 2020 U.S. Dist. LEXIS
    2387097 (S.D.N.Y. Dec. 18, 2020)................................................................................... 19

*Harty v. W. Point Realty, Inc.*, 477 F. Supp. 3d 163 (S.D.N.Y. 2020) ........................................ 11

*Hecht v. Magnanni, Inc.*, 1:20-cv-05316 (MKV), 2022 U.S. Dist. Lexis 60836
(S.D.N.Y. Mar. 31, 2022) ........................................................................ 16, 18

*Jaquez v. Dermpoint*, 20-CV-7589 (JPO), 2021 U.S. Dist. LEXIS 96067 (S.D.N.Y.
May 20, 2021) ............................................................................... 6, 9, 10, 22

*Jones v. Thomas*, 20-CV5581 (LLS), 2020 U.S. Dist. LEXIS 156016 (Aug. 27, 2020)............. 20

*Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184 (2d Cir. 2013)................................. 13, 20, 21

*Lanier v. Bats Exch., Inc.*, 838 F.3d 139 (2d Cir. 2016) ................................................. 8

*Lopez v. Arby's Franchisor, LLC*, 19-CV-10074 (VSB), 2021 U.S. Dist. LEXIS
43838 (S.D.N.Y. Mar. 8, 2021) ............................................................... 10, 13, 20

*Lujan v. Defs. Of Wildlife*, 504 U.S. 555 (1992)......................................................... 12

*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184 (2d Cir. 2007) .......................................... 23

*Mercer v. Jericho Hotels, LLC*, 19-CV-5604 (VSB), 2019 U.S. Dist. LEXIS 199897
(S.D.N.Y. Nov. 18, 2019) ......................................................................... 19

*Noel v. New York City Taxi and Limousine Comm'n*, 687 F.3d 63 (2d Cir. 2012) ....................... 5

*Paguada v. Malibu Wellness, Inc.*, 1:22-CV-01840 (CM), Docket No. 14 (S.D.N.Y.
May. 11, 2022)...................................................................................... 3, 17

*Paguada v. YieldStreet, Inc.*, 20 Civ. 9254 (LGS), 2021 U.S. Dist. LEXIS 202311
(S.D.N.Y. Oct. 20, 2021) ......................................................................... 16, 18

*Pallozzi v. Allstate Life Ins, Co.*, 198 F.3d 28 (2d Cir. 1999) ......................................... 21

*Pickern v. Holiday Quality Foods*, 293 F.3d 1133 (9th Cir. 2002) ................................. 13, 14, 15

*Quezada v. U.S. Wings, Inc.*, 20 Civ. 10707, 2021 U.S. Dist. LEXIS 234057
(S.D.N.Y. Dec. 7, 2021)............................................................................ 6, 18

*Roman v. Greenwich Vill. Dental Arts P.C.*, 21-cv-5939 (JGK), 2022 U.S. Dist.
LEXIS 165400 (S.D.N.Y. Sept. 13, 2022)....................................................... 10, 12, 15, 16

*Romero v. 88 Acres Foods, Inc.*, 20-cv-9215 (KMW), 2022 U.S. Dist. LEXIS 9040
(S.D.N.Y. Jan. 18, 2022)........................................................................... 8, 14

*Romero v. Adagio Teas*, 20-CV-7422 (JMF), (S.D.N.Y. Jul. 7, 2021)............................ 16, 17, 18

*Romero v. Zip Top, LLC*, 20-cv-10189 (LJL), (S.D.N.Y. Aug. 13, 2021) ..................................... 2

*Sanchez v. Nutco, Inc.*, 20-cv-10107, 2022 U.S. Dist. LEXIS 51247, at *5 (S.D.N.Y.
Mar. 22, 2022)................................................................................... *passim*

*Sanchez v. Welcome Skateboards, Inc.*, 1:21-cv2598 (KPF), (S.D.N.Y., Jan. 27, 2022) ...... *passim*

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) ......................................... 6, 10

*Sullivan v. BDG Media, Inc.*, 146 N.Y.S.3d 395 (N.Y. Sup. Ct. 2021) ...................................... 21

*Sullivan v. Study.com LLC*, 18-cv-1939 (JPO), 2019 U.S. Dist. LEXIS 47073
    (S.D.N.Y. Mar 21, 2019) ....................................................................................... 7, 19

*Thorne v. Boston Mkt. Corp.*, 469 F. Supp. 4d 130 (S.D.N.Y. 2020) ........................................ 8

*Thorne v. Formula 1 Motorsports, Inc.*, 19-cv-1077 (JPO), 2019 U.S. Dist. LEXIS
    220080 (S.D.N.Y. Dec. 19, 2019) .............................................................................. 7

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) ............................................................. 6, 12

*Walters v. Fischer Skis U.S., LLC*, 6:21-cv-1115 (LEK/ATB), 2022 U.S. Dist. LEXIS
    142148 (N.D.N.Y. Aug. 10, 2022) ........................................................................ *passim*

*Wilson v. Jord Inc.*, No. 20-CV-1899-LJV-JJM, 2022 U.S. Dist. LEXIS 58849
    (W.D.N.Y. Mar. 30, 2022) ........................................................................................ 23

*Wu v. Jensen-Lewis Co.*, 345 F.supp.3d 438 (S.D.N.Y. 2018) ............................................... 8, 21

## STATUTES

42 U.S.C.S. § 12181, *et seq.* ................................................................................... *passim*

N.Y.C. Admin. Code § 8-101, *et seq.* ............................................................................ 5

## OTHER AUTHORITIES

101 Cong. Rec. H11452-53 (daily ed. May 22,1990) .................................................. 22

## RULES

Fed. R. Civ. P. 12(b)(1), 12(b)(6) ............................................................................ *passim*

Plaintiff Kevin Davis ("Plaintiff") respectfully submits this memorandum of law in opposition to defendant Wild Friend Foods Inc.'s ("Defendant") motion to dismiss ("Motion to Dismiss").

## I.    INTRODUCTION

The First Amended Class Action Complaint ("FACAC") properly pleads a cause of action under the Americans with Disabilities Act of 1990 ("ADA"). Indeed, the FACAC pleads with specificity: (i) the dates Plaintiff went on the website – April 16, 2022, May 6, 2022, May 8, 2022, June 1, 2022 and August 15, 2022(¶2, 24); (ii) what Plaintiff was prevented from accomplishing on the website – namely, trying to purchase Organic Honey Sunflower Butter (¶¶2, 3, 24); (iii) the specific accessibility barriers on the website that prevented Plaintiff from completing a purchase as a sighted New York customer would (discussed *infra*. ¶¶4, 24); and (iv) that Plaintiff intends to use the website in the future – he intends to return to the website to purchase healthy organic snack spreads, particularly the Organic Honey Sunflower Butter (¶25).[1] These allegations are sufficient to sustain the FACAC's ADA and New York City Human Rights Law ("NYCHRL") causes of action. *See Sanchez v. Welcome Skateboards, Inc.*, 1:21-cv2598 (KPF), Docket No. 35 at 7:6-9 (S.D.N.Y., Jan. 27, 2022), attached as Ex. A to the Declaration of Edward Y. Kroub in support of Plaintiff's Opposition to the Motion to Dismiss ("Kroub Decl.").

Since the FACAC satisfies the relevant pleading standards, Defendant's Motion to Dismiss proposes two red herring arguments that have already been rejected in the past, including by this Court.

---

[1]    All "¶_" citations are to paragraphs in the FACAC.

*First*, Defendant proposes that the FACAC has not met its burden because Plaintiff did not request any accommodations from Defendant before filing suit. The law does not require Plaintiff to jump through any hurdles before filing a discrimination case. Congress sought to remedy discrimination by preventing places of public accommodation from "[denying] the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges advantages or accommodations" of that entity. 42 U.S.C.S. § 12182(b)(1)(A)(i); 42 U.S.C. §12182(b)(2)(A)(ii); *see also Sanchez v. Nutco, Inc.*, 20-cv-10107, 2022 U.S. Dist. LEXIS 51247, at *5 (S.D.N.Y. Mar. 22, 2022) (noting that "private enforcement suits are the primary method of obtaining compliance with the [ADA]").

*Second*, Defendant seeks to poison the well by arguing Plaintiff has filed other ADA cases, is a "serial litigant: and, therefore, could not have been injured here." Def. Mem. at 1.[2]    This is not legally salient and little more than "unbecoming name calling." *Welcome Skateboards,*, Kroub Decl., Ex. A at 7:6-9; *see also Nutco, Inc.*, 2022 U.S. Dist. LEXIS 51247, at *5. Indeed, similar aspersions were addressed by this Court in *Romero v. Zip Top, LLC*, 20-cv-10189 (LJL), Kroub Decl., Ex. B at *3 (S.D.N.Y. Aug. 13, 2021) (Docket No. 27) ("The article notes that [Plaintiff] has filed a number of complaints asserting violations of the ADA, but that conduct is not necessarily problematic. ***Presumably it is what Congress intended when it provided for attorneys' fees and thereby made plaintiffs a private attorneys general vindicating a policy that Congress***

---

[2]    "Def. Mem." refers to Defendant's memorandum of law filed in support of its Motion to Dismiss.

*considered of the highest priority*.") (citations omitted and emphasis added). [3] I t therefore has no

bearing whatsoever on the merits of Plaintiff's claim of injury.

The Motion to Dismiss then argues this case is moot because the website is fully remediated

and accessible. *See* Def. Mem. at pp. 6-10. Even assuming *arguendo* that Defendant was factually

correct (which it is not), making the website accessible Website would not deprive this Court of

jurisdiction.  As Judge McMahon noted "[t]he fact your website is accessible is NOT a challenge

to subject matter jurisdiction." *Paguada v. Malibu Wellness, Inc.*, 1:22-cv-01840 (CM), Kroub

Decl., Ex. C, Docket No. 14 (S.D.N.Y. May. 11, 2022) (emphasis in original).  In that decision,

the court noted that:

> a post-complaint correction to a web site does not "moot" this lawsuit. It is highly
> likely that the original complaint states a viable claim for damages - albeit perhaps
> not for injunctive relief - as long as the web site was not accessible to a visually
> impaired person at the time the action was filed. . It may even prove to be the case
> that a claim for injunctive relief can be added at some later date, if the web site
> remains inaccessible despite the defendant's post-complaint efforts at remediation.

The Complaint alleges that Defendant's Website contained access barriers that prevented

him from completing a purchase prior to the filing of this action. ¶¶2, 24. As detailed, *infra*,

---

[3]      Courts in the Southern District concur that litigation history is neither factually nor legally
relevant to Plaintiff's standing.  "There is nothing inherently wrong with filing duplicative lawsuits
against multiple defendants if the harms to be remedied do exist and are indeed identical."
*Dominguez v. Grand Lux Café LLC*, No. 19-cv-10345 (MKV), 2020 U.S. Dist. LEXIS 109679, at
*11 (S.D.N.Y. June 22, 2020); *see also Camacho v. Vanderbilt Univ.*, 18 Civ. 10694 (KPF), 2019
U.S. Dist. LEXIS 209202 (S.D.N.Y. Dec. 4. 2019) ("[a plaintiff] does not lack standing merely
because he believes he has been similarly injured by other defendants]."); ("[T]his fact does not
affect the Court's analysis… It is by no means difficult to imagine that a wheelchair-bound New
York City resident encounters illegal barriers to access at many places of public accommodation
on a regular basis or that such a person would continue to use the attorney with whom she has a
relationship when trying to make New York more accessible for all."); *Cf. Calcano v. Swarovski
N. Am Ltd.*, 2022 U.S. App. Lexis 15177 at *16-*17, (2d Cir. June 2, 2022) (finding plaintiff's
frequent filings implausible where they produced errors, oddities and omissions in the complaints,
such as a plaintiff's assertion they would return to a Kohls store that did not exist, or that Banana
Republic, a clothing retailer, sold food. There are not similar pleading errors here.).

Plaintiff's expert also recently analyzed the Website and determined that it was not remediated and that access barriers persist.  The claims here are not moot, and the Court has subject matter jurisdiction over this action.

## II.    STATEMENT OF FACTS

Defendant is an online retail company that owns and operates the website www.Wildfriendsfoods.com ("Website"). ¶¶2, 22.  The products Defendant offers on the Website include a variety of healthful snack spreads, such as peanut butter, almond butter and hazelnut spread. ¶2.  Plaintiff is a visually-impaired and legally blind person who uses screen-reading software in order to read website content on her personal computer. ¶¶1, 14.

Plaintiff visited the Website on April 16, 2022, May 6, 2022, May 8, 2022, June 1, 2022 and August 15, 2022 in order to purchase Honey Sunflower Butter. ¶¶2, 3, 24.  Plaintiff was unable to successfully complete his purchase because the Website was not compliant with ADA accessibility standards, containing multiple access barriers that denied Plaintiff full and equal access to the products and services offered there. ¶¶4, 24, 25.  These barriers include, without limitation (collectively, the "Access Barriers"):

- The screen reader fails to access the "search" function on the website, delaying Plaintiff's ability to navigate the website and impeding his ability to make an informed decision as to products to purchase as a sighted New York customer would; and

  The screen reader fails to indicate the current focus on a given webpage, which disorients Plaintiff as to what information is available on a given page. This delays Plaintiff's ability to navigate the website as a sighted New York customer would.¶2.

Plaintiff experienced accessibility barriers on each of his visits  to the website and barriers continue to exist as of the date of the filing of the FACAC. ¶5.  Plaintiff was denied and continues to be denied equal access to the Website. *See* FACAC, *passim*.  Plaintiff maintains a strong desire,

however, to purchase the Organic Honey Sunflower Butter offered by Defendant, as he is eager to try and enjoy a new brand of healthy organic food options for his lunch, dinner or snacking. ¶¶5, 25.  Plaintiff remains expectant that the accessibility barriers will be cured expeditiously.  Plaintiff unequivocally intends to return to the website in order to complete the desired purchase for himself to be able to obtain healthy, organic snack spreads, particularly the Organic Honey Sunflower Butter, as soon as the accessibility barriers are cured.  As Defendant's website is really just a few clicks away, Plaintiff may easily return to the website and purchase the Organic Honey Sunflower Butter once the barriers to accessibility are removed. *See id.*

Based on these allegations, the FACAC adequately alleges Defendant's violations of 42 U.S.C. § 12181, *et seq.* – Title III of the ADA, and the NYCHRL, N.Y.C. Admin. Code § 8-101, *et seq.*

## III.     LEGAL STANDARDS

The Second Circuit cautions courts against prematurely dismissing complaints of civil rights violations. *See Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir. 2001). "As a remedial statute, the ADA must be broadly construed to effectuate its purpose of providing a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." *Noel v. New York City Taxi and Limousine Comm'n*, 687 F.3d 63, 68 (2d Cir. 2012). Similarly, in reviewing standing under the ADA, a broad view of constitutional standing is appropriate because private enforcement suits are the primary method of obtaining compliance with the Act. *See Nutco*, 2022 U.S. Dist. LEXIS 51247, at *5 (citations omitted).  Courts must afford due respect to Congress's decision to impose a statutory prohibition or obligation on a defendant, and to grant a plaintiff a cause of action to sue over the defendant's violation of that statutory prohibition or obligation, including the injury of discriminatory treatment.  *See*

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204-05 (2021) (*citing Allen v. Wright*, 468 U.S. 737, 104 S.CT. 3315, 82 L.Ed. 2d 556 (1984)).

### A.    STANDARD ON A MOTION PURUSANT TO FED. R. CIV. P. 12(B)(1)

When examining a Fed. R. Civ. P. 12(b)(1) motion, a court must "take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively." *Bassaw v. United Indus. Corp.*, No. 19-CV-7759 (JMF), 2020 U.S. Dist. LEXIS 157800, at *4 (S.D.N.Y. Aug. 31, 2020) (internal citations omitted).   The burden of providing subject matter jurisdiction by a preponderance of the evidence is borne by plaintiff. *Id.* In ADA website-accessibility cases, a complaint need not contain detailed factual allegations to survive a motion to dismiss. *See Jaquez v. Dermpoint*, 20-CV-7589 (JPO), 2021 U.S. Dist. LEXIS 96067, at *4 (S.D.N.Y. May 20, 2021).   When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts all material factual allegations in the complaint as true but does not presume the truthfulness of the complaint's jurisdictional allegations. *See Quezada v. U.S. Wings, Inc.*, 20 Civ. 10707, 2021 U.S. Dist. LEXIS 234057, at *4 (S.D.N.Y. Dec. 7, 2021).

### B.    STANDARD FOR ARTICLE III STANDING

A plaintiff pleads a sufficient injury for Article III standing by "show[ing] that he suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016). "An injury is particularized when it affect[s] the plaintiff in a personal and individual way. . . [a]n injury is concrete when it actually exists or, put another way, when it is real rather than abstract. Notably, this is a low threshold, and the plaintiff need not be capable of sustaining a valid cause of action." *Bassaw*, 2020 U.S. Dist. LEXIS 157800, at *6.

To satisfy standing in an ADA website accessibility action, a complaint must allege certain facts, including: (i) when plaintiff attempted to access the website; (ii) what plaintiff was attempting to accomplish on the website; (iii) the specific barriers that prevented plaintiff from gaining access; and (iv) how plaintiff intends to utilize the website in the future. *See Welcome Skateboards,* Ex. A to the Kroub Decl., at 10:15-21.

Likewise, the elements to plead a claim under the NYCHRL in a website-accessibility action are substantively similar to the elements in an ADA claim. The NYCHRL is given an "independent liberal construction analysis in all circumstances" given its similar wording to the ADA, as well as the fact that "federal and state civil rights laws provide a floor below which the City's Human Rights law cannot fall." *Thorne v. Formula 1 Motorsports, Inc.*, 19-cv-1077 (JPO), 2019 U.S. Dist. LEXIS 220080, at *7 (S.D.N.Y. Dec. 19, 2019); *see also Sullivan v. Study.com LLC*, 18-cv-1939 (JPO), 2019 U.S. Dist. LEXIS 47073 (S.D.N.Y. Mar 21, 2019) ("The NYCHRL [is] governed by the same legal standards that courts apply to ADA disability discrimination claims") (citations omitted).  Thus, it follows perforce, that because the FACAC properly pleads a claim under the ADA, it also properly states a claim under the NYCHRL. *Id.*

### C.    STANDARD ON A MOTION PURSUANT TO FED. R. CIV. P. 12(B)(6)

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Nutco*, 2022 U.S. Dist. LEXIS 51247 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff properly pleads such facial plausibility by including "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at *15.  All reasonable inferences are drawn in the plaintiff's favor. *Id.*  The court's review is "limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits and any

documents incorporated in the complaint by reference." *Id.*  To survive dismissal, a "plaintiff must provide the grounds upon which his claims rest through factual allegations sufficient to raise a right to relief above the speculative level." *Lanier v. Bats Exch., Inc*., 838 F.3d 139, 150 (2d Cir. 2016) (internal citations omitted).

## IV.     ARGUMENT

### A.     THE FACAC PROPERLY PLEADS AN ADA CLAIM

To state a valid claim under Title III of the ADA, a plaintiff must allege that "(1) she is disabled withing the meaning of the ADA; (2) defendant's own, lease or operate a place of public accommodation; and (3) defendant discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide." *Thorne v. Boston Mkt. Corp*., 469 F. Supp. 4d 130, 139 (S.D.N.Y. 2020) (citing *Wu v. Jensen-Lewis Co*., 345 F.supp.3d 438, 442 (S.D.N.Y. 2018)).

The FACAC properly pleads, and Defendant does not dispute, the first two elements. Plaintiff is a visually-impaired and legally blind person. ¶1.  Additionally, Defendant's website is a place of public accommodation. ¶15; *see, e.g.*, *Romero v. 88 Acres Foods, Inc.*, 20-cv-9215 (KMW), 2022 U.S. Dist. LEXIS 9040 (S.D.N.Y. Jan. 18, 2022).  Plaintiff likewise pleads that the barriers on website denied him full and equal access to the snack spreads offered by Defendant to the general public. ¶¶2, 11, 24, 26.

### B.     THIS COURT HAS SUBJECT MATTER JURISDICTION

The FACAC properly pleads that Plaintiff was injured when he encountered Access Barriers that denied him full and equal access ***on multiple occasions*** and now deter Plaintiff on a regular basis from accessing the Website in the future. ¶11, 26.   To satisfy standing in an ADA website accessibility action, a complaint must allege: (i) when plaintiff attempted to access the

website; (ii) what plaintiff was attempting to accomplish on the website; (iii) the specific barriers that prevented plaintiff from gaining access; and (iv) how plaintiff intends to utilize the website in the future. *See Welcome Skateboard*, Ex. A to the Kroub Decl., at 10:15-21.  Specifically in *Welcome Skateboard*, a plaintiff listed seven specific barriers that prevented his purchase from the Website, which the court held – along with the consequent deterrence to the plaintiff – constituted a sufficient injury to confer standing.

The FACAC meets each of these requirements by describing in detail:

(i)     when Plaintiff visited the Website: April 16, 2022, May 6, 2022, May 8, 2022, June 1, 2022 and August 15, 2022(¶2, 24);

(ii)    what Plaintiff was attempting to accomplish: trying to purchase Organic Honey Sunflower Butter (¶¶2, 3, 24);

(iii)   the specific website functions that prevented Plaintiff from gaining access: the deficient search function, and the screen readers inability to indicate focus on the page (¶4(a)-4(b); and

(iv)    how Plaintiff intends on utilizing the website in the future: he intends to return to the website to purchase healthy organic snack spreads, particularly the Organic Honey Sunflower Butter (¶25).

Moreover, pleading specific digital barriers is sufficient to plead an injury.  In *Dermpoint,* the Court denied defendant's motion to dismiss and found an actionable injury where the website contained the following deficiencies: (i) a failure to describe the contents of graphical images; (ii) failure to properly label titles; (iii) a failure to distinguish one page from another; (iv) pages containing multiple broken links and inaccurate headings; (v) an inability to add items to the online shopping cart; and (vi) the website accessibility icon was too hard to find.  *See* 2021 U.S. Dist.

LEXIS 96067, at *4-*5; *Roman v. Greenwich Vill. Dental Arts P.C.*, 21-cv-5939 (JGK), 2022 U.S. Dist. LEXIS 165400, at *4 (S.D.N.Y. Sept. 13, 2022) ("Injury-in fact is satisfied here…[f]urthermore, the plaintiff alleges that he would use the website in the future were the website made accessible. The plaintiff has therefore suffered an actual injury that is both concrete…and particularized, insofar as the plaintiff himself has attempted to access the website."); *see also Nutco*, 2022 U.S. Dist. LEXIS 51247, at *5; *see also Walters v. Fischer Skis U.S., LLC*, 6:21-cv-1115 (LEK/ATB), 2022 U.S. Dist. LEXIS 142148, at *9 (N.D.N.Y. Aug. 10, 2022) (finding plaintiff suffered an injury by being denied access to the "Remember" and "Compare" buttons, cart confirmation window, and "Freeride" product page defendant's website.)

The FACAC specifically lists similar access barriers to those recognized in both *Dermpoint* and *Nutco*. Specifically, the FACAC pleads that the Website contained site elements, such as the website search function, and inability to indicate the screen readers focus, that were not properly labeled by Defendant to integrate with Plaintiff's screen reader. ¶4, 24. Detailing the barriers and how the "website [is] not compatible with [plaintiff's] screen reading software" is sufficient to state both an injury and how it is traceable to a defendant's conduct. *Nutco*, 2022 U.S. Dist. LEXIS 51247 at *5. Given the similarity of the barriers pled in the FACAC to the barriers alleged in *Dermpoint, Nutco*, and *Welcome Skateboards*, Defendant's argument regarding failure to plead an injury is unavailing.

Indeed these barriers caused Plaintiff's a concrete injury – specifically, deterrence from purchasing a product, an inability to make an informed choice, and unequal treatment resulting from delay. A concrete injury is not necessarily synonymous with a tangible injury. *See Lopez v. Arby's Franchisor, LLC*, 19-CV-10074 (VSB), 2021 U.S. Dist. LEXIS 43838, at *6 (S.D.N.Y. Mar. 8, 2021) (citing *Spokeo*, 136 S. Ct. at 1549). Similarly, in *Camacho,* 2019 U.S. Dist. LEXIS

209202 at *26, Judge Failla found that plaintiff there pled a concrete injury (namely, "deterrence") where:

> [Plaintiff] was unable to access certain portions of the Website's publicly available content because of his disability. Specifically, Plaintiff states that he was unable to navigate the Website because its navigation tabs were incompatible with his screen-reading software, and unable to utilize the Website's net price calculator because that page was also incompatible with his screen-reading software. Plaintiff has also alleged that the Website's access barriers regularly deter him from accessing the website. The Second Circuit has made clear that deterrence constitutes an injury under the ADA.

This injury of deterrence is repeatedly pled throughout the FACAC. ¶¶11, 26.  Likewise, a plaintiff that cannot make an informed choice about the products suffers a real threat of future harm. *See Harty v. W. Point Realty, Inc.*, 477 F. Supp. 3d 163, 169-170 (S.D.N.Y. 2020). This too is noted in the FACAC. ¶4(a).  Similarly, plaintiffs suffer the injury of unequal treatment under the ADA when barriers render their use of a public accommodation more difficult or burdensome than for non-disabled individuals. *See Feltenstein v. City of New Rochelle*, 254 F. Supp. 3d 647, 655 (S.D.N.Y. 2017). Plaintiff likewise suffered this injury as a result of the delays caused by the deficiencies in the website's ability to indicate the screen reader's focus. ¶4(b).

Moreover, a plaintiff who alleges that the visited the website multiple times and has not been able to access its content supports the inference of an ongoing injury and that discriminatory treatment will continue. *Fischer Skis U.S., LLC*, 2022 U.S. Dist. LEXIS 142148, at *10-*11 (citing *Camacho*, 2019 U.S. Dist. LEXIS 209202, at *24). The FACAC likewise pleads this. *¶¶*11, 26.

## C.    *CALCANO v. SWAROVSKI* IS INAPPOSITE

Although the Motion to Dismiss does not cite to the recent Second Circuit decision in *Calcano v. Swarovski North America Limited* – which **did not involve website accessibility ADA claims** – Plaintiff addresses it here because the decision did involve an alleged lack of standing accessibility claims concerning Braille gift cards sold at brick-and-mortar locations. *See generally*

36 F.4th 68, 2022 U.S. App. LEXIS 15177 (2d Cir. 2022). The *Calcano* decision is readily distinguishable from this case for a number of reasons.

Indeed, in a case very similar to this one, the first New York District Court to analyze *Calcano*'s application to a ***website*** accessibility case distinguished the Second Circuit's decision and maintained that plaintiff had standing to bring an ADA claim. *See Fischer Skis U.S., LLC*, 2022 U.S. Dist. LEXIS 142148. This was recently adopted by Judge Koeltl in the Southern District. *Roman,* 2022 U.S. Dist. LEXIS 165400.

Moreover, the *Calcano* complaints analyzed by the Second Circuit were poorly drafted and replete with factual errors, such as claiming that Banana Republic sold food and that defendants' stores were located in Manhattan when they were not. *Id*. at *16. There is no question here that Defendant sells the product Plaintiff was attempting to purchase on the Website and/or that Defendant owns and operates the Website.

                (i)        <u>*Calcano's* standing analysis was limited to whether there was "imminent" injury, not the "actual" injury alleged in this case</u>

Additionally, *Calcano* focused on whether a plaintiff has alleged a sufficient *imminent* injury in fact, while here Plaintiff alleges that he has alleged a sufficient *actual* injury. The Second Circuit's decision in *Calcano* does not impose a requirement to show an "intent to return" for a plaintiff seeking injunctive relief in an ADA case – especially where there is an "actual" injury. *See generally* 36 F.4th 68, 2022 U.S. App. LEXIS 15177.

Rather, to sufficiently "establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual **or** imminent; (ii) that the injury was likely caused by the defendant; and (iii) the injury would likely be redressed by judicial relief." *See TransUnion LLC*, 141 S. Ct. at 2203 (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992)

(emphasis added)).  The issue here is whether the FACAC sufficiently pleads an injury-in-fact that is actual **or** imminent.  The majority in *Calcano* recognizes that a plaintiff can plead "intent to return" to demonstrate that an alleged prospective injury is imminent. *See* 2022 U.S. App. LEXIS 15177, at \*9-\*10.  However, the decision repeatedly uses languages that makes it clear that this is just a factor that the court can "consider" in ADA cases to determine standing. *See id.* at \*10-\*11.

Moreover, a plausible intention or desire does not require a specific date for Plaintiff's return to the website, only that this be plausible given the totality of all relevant facts. *See Fischer Skis U.S., LLC*, 2022 U.S. Dist. LEXIS 142148, at \*12 (finding plaintiff's assertion he "needs to update his ski gear and would like to…potentially purchase products and explore the services [offered[ in advance of his next ski trip" sufficient to demonstrate standing.); *cf. Arby's Franchisor, LLC*, 2021 U.S. Dist. LEXIS 43838. at \*10 (noting plaintiff had failed to establish what he wished to purchase with a gift card and why this was preferable to cash or credit).

The Second Circuit's reasoning in *Calcano* was enrooted in several Ninth Circuit cases, which, when examined deeply are informative in this matter. *See, e.g.*, *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 188 (2d Cir. 2013) (adopting the ruling in *Pickern v. Holiday Quality Foods*, 293 F.3d 1133 (9th Cir. 2002) (citing *Chapman v. Piers 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 950-51 (9th Cir. 2011); *Feltenstein*, 254 F. Supp. 3d at 655 (citing *Chapman*, 631 F.3d at 947). In one of the decisions, *Chapman v. Piers 1 Imports (U.S.), Inc.*, the Ninth Circuit makes clear that, when pursuing injunctive relief for a future injury, an ADA plaintiff can show intent to return, **or** "can demonstrate sufficient injury . . . when discriminatory architectural barriers deter him from returning to a noncompliant accommodation." 631 F.3d at 950. The *Chapman* court makes the distinction that, to allege an intent to return, is to allege an imminent injury, but a plaintiff "deterred

from patronizing . . . [defendant's accommodation] suffers the ongoing 'actual injury.'" *Id.* (citing *Pickern*, 293 F.3d at 1138).

While the majority decision in *Calcano* did not focus on this distinction, the concurrence held that "gift cards . . . were not places of accommodations, . . . [but] means by which the plaintiff could access or acquire the defendants' other goods and services." *See* 2022 U.S. App. LEXIS 15177, at *32. In cases such as *Calcano*, not providing an accessible gift card does not deter a plaintiff from returning to a store where the gift card would be valid. While the *Calcano* plaintiffs alleged that a non-compliant gift card keeps them from knowing how much is on the gift card, *etc.*, the plaintiffs could still purchase the gift cards or pay for products in the store using other means. *See id.* at *5. The *Calcano* plaintiffs were not deterred from returning to the store such that they would satisfy an actual injury at the public accommodation itself.[4]

A plaintiff pleading that defendant failed to provide an ADA compliant website can appropriately allege an "actual" injury, as the Plaintiff does in this case. Plaintiff has alleged that Defendant's Website is not ADA-compliant and creates barriers that deter them from returning to their website. The courts have recognized websites as places of public accommodation under the ADA. *See* 42 U.S.C. § 12181(7); *88 Acres Foods.*, 2022 U.S. Dist. LEXIS 9040, at *16. The Ninth Circuit has held that a plaintiff can allege that they have been "deterred from visiting or patronizing [an] accommodation" at the point "a plaintiff has actually become aware of discriminatory conditions existing at a public accommodation." *Pickern*, 293 F.3d at 1136-37. The Ninth Circuit explains that the injury is actual, and continues, "[s]o long as the discriminatory conditions

---

[4]    The facts in *Calcano* were also problematic in that plaintiffs there failed to establish why they wanted to purchase gift cards. If it was for their own uses, it was not clear why they would not just have purchased merchandise from the store. If it was to give to another person, it was unclear how the plaintiffs themselves suffered injury if the cards didn't have Braille features.

continue, and so long as the plaintiff is aware of them and remains deterred." *See id.* at 1137. Plaintiff, in this case, has visited Defendant's Website and confirmed that the website remains non-compliant.  Plaintiff knows this because he has witnessed these issues firsthand, on numerous occasions (including recently) and he remains deterred from visiting or patronizing the Website – the place of public accommodation – until these barriers are cured.  As such, Plaintiff has sufficiently pled an "actual" injury-in-fact, and the *Calcano* decision, which analyzes an imminent injury, is inapplicable.

Notably, the first New York District Court case to analyze standing in a website accessibility ADA case post-*Calcano* found the Second Circuit's decision distinguishable. The *Fischer Skis* court held that the ADA complaint there had pled sufficient facts – including an actual injury for standing – to survive a motion to dismiss. *See Fischer Skis U.S., LLC*, 2022 U.S. Dist. LEXIS 142148, at *10-*11. The Court noted that the complaint pled that the functionality of the website there restricted plaintiff's ability to properly navigate it. *See id.* The complaint there, as here, noticed that plaintiff on multiple occasions was unable to potentially purchase products in advance of a ski trip because the website's tabs were incompatible with his screen reading software. *See id.*  Here too, the Court should respectfully find that Plaintiff has standing to assert an ADA claim based on the existence of accessibility barriers found on Defendant's website that prevented him from purchasing a product on the website.

Even more recently, Judge Koeltl held in a website accessibility case that the complaint properly pled standing post-*Calcano* by alleging that Plaintiff had tried to access the website, was denied access to its services, and that he would return to the website in the future. *See Roman*, 2022 U.S. Dist. LEXIS 165400, at *4 ("Injury-in fact is satisfied here…[f]urthermore, the plaintiff alleges that he would use the website in the future were the website made accessible. The plaintiff

has therefore suffered an actual injury that is both concrete…and particularized, insofar as the plaintiff himself has attempted to access the website."). Here too, the FACAC properly explains and demonstrates an intent to return.

It is important to note that the proposed theory – namely, the application of the ADA to gift cards – proposed by the *Calcano* plaintiffs was a novel and unusual one. To be sure, S.D.N.Y. courts had granted motions to dismiss Braille gift card actions on at least 50 prior occasions – moreover, Plaintiff is unaware of even one S.D.N.Y. decision sustaining an ADA complaint based on the novel Braille gift card theory proposed in *Calcano*. That is not the case here, where in the website-accessibility context and the application of the ADA to websites, there exist a long line of S.D.N.Y. (and other Circuit) decisions sustaining ADA complaints – and regularly denying defendants' motions to dismiss (similar to the motion brought here). *See, e.g.*, *Hecht v. Magnanni, Inc.*, 1:20-cv-05316 (MKV), 2022 U.S. Dist. Lexis 60836 (S.D.N.Y. Mar. 31, 2022); *Nutco*, 2022 U.S. Dist. LEXIS 51247; *Welcome Skateboards*, Ex. A to the Kroub Decl.; *Paguada v. Athena Allergy, Inc.*, 21-Cv-1245 (KPF) (S.D.N.Y. Feb. 22, 2022); *88 Acres*, 2022 U.S. Dist. LEXIS 9040; *U.S. Wings, Inc.*, 2021 U.S. Dist. LEXIS 234057; *Paguada v. YieldStreet, Inc.*, 20 Civ. 9254 (LGS), 2021 U.S. Dist. LEXIS 202311 (S.D.N.Y. Oct. 20, 2021); *Angeles v. Grace Prods.*, 20-cv-10167 (AJN), 2021 U.S. Dist. LEXIS 182317 (S.D.N.Y. Sept. 23, 2021); *Romero v. Adagio Teas*, 20-CV-7422 (JMF), Ex. D to the Kroub Decl, (S.D.N.Y. Jul. 7, 2021); *Roman*, 2022 U.S. Dist. LEXIS 165400.

        (ii)      <u>Plaintiff has sufficiently established standing by showing that he suffered an "imminent" injury-in-fact</u>

Even assuming *arguendo* that the Court were to require Plaintiff to show imminent injury, the *Calcano* decision would remain inapposite. *Calcano* was based on an analysis of "intent to

return" that involved considerations inapplicable to website accessibility cases like this one –
namely, the physical distance between defendant's brick-and-mortar location where it sold the gift
cards and the *Calcano* plaintiffs' homes. *See* 2022 U.S. App. LEXIS 15177, at *10-*16 (finding
that the distance between defendant's stores and plaintiffs' residences made it implausible that
plaintiffs wanted to purchase gift cards from defendants).

Given that, here, Defendant's Website may be ***easily accessed*** from Plaintiff's home ***at any
time*** (and ***any location*** with Internet access), *Calcano*'s intent to return analysis is inapplicable
and the Court should follow the holdings previously issued in various ADA website accessibility
cases. *See, e.g.*, *Camacho v. Vanderbilt University*, 2019 U.S. Dist. LEXIS 209202, at *27 (stating
that there was a sufficiently "reasonable inference that the [p]laintiff will return to the [w]ebsite"
when the plaintiff's "allegations establish that [p]laintiff (i) tried to visit the [w]ebsite on multiple
occasions; (ii) has stated motivation for returning to visit the [w]ebsite in the future; and (iii) may
easily return to the [w]ebsite should it be made accessible").

### D.     THE CASE IS NOT MOOTED

Whether a website is genuinely compliant under the ADA is a factual dispute that cannot
be resolved at the motion to dismiss stage when there is competing evidence regarding a website's
accessibility. *See Nutco, Inc.*, 2022 U.S. Dist. LEXIS 51247, at *9; *Adagio Teas,* Ex. D to the
Kroub Decl., at 4:15-17. More recently, in *Malibu Wellness, Inc.*, where (as here) defendant argued
a lack of subject matter jurisdiction – Judge McMahon wrote:

> The fact that your website is accessible is <u>NOT</u> a challenge to subject matter
> jurisdiction. If true it is a basis to win the lawsuit on the merits. This court has
> subject matter jurisdiction in lawsuits brought under the ADA-even meritless ones.
> (Emphasis in original).

1:22-cv-01840 (CM), Docket No. 14; *see also* Ex. C to the Kroub Decl.

Even assuming that full accessibility would moot the action, Defendant's arguments are not supported by the facts here. Plaintiff's claim is supported by expert analysis that was performed recently on the Website. Defendant has not presented sufficient evidence that the website is compliant. As set forth in the Declaration of Robert D. Moody, who examined the Website on September 27, 2022 (after Defendant's latest motion was filed), "issues with the identified website do exist and moreover, those issues are a barrier to individuals with low to no vision." *See* Declaration of Robert D. Moody, dated September 29, 2022 ("Moody Decl."), attached as Exhibit E to the Kroub Decl., at ¶7. The Moody report specifically lists four ongoing barriers to access that persisted after Defendant allegedly "mooted" this case. *See* Moody Decl. at ¶8. Mr. Moody concluded:

> It is my expert opinion and with a high degree of scientific certainty the website…has defects, can and will continue to create problems for visually disabled persons, such as the Plaintiff and these defects act as a barrier to the effective use and enjoyment of the site for persons with low to no vision.

> Moody Decl. at ¶11.

Courts in the Southern District of New York have denied similar motions to dismiss where Mr. Moody has submitted a similar affidavit, even where opposing counsel submitted an opposing expert affidavit, which Defendant has not done here. These courts found that whether or not the website is accessible is a question properly tested in discovery. *See Nutco* 2022 U.S. Dist. LEXIS 51247, at*7-9; *Welcome Skateboards*, Ex. A to the Kroub Decl. ("Discovery will disclose whether plaintiff has actually raised issues worthy of a trial, but for now, this Court must conclude that he has pleaded adequate claims."); *Adagio Teas, Inc*., Ex. D to the Kroub Decl.; *YieldStreet, Inc.*, 2021 U.S. Dist. LEXIS 202311; *U.S. Wings*, 2021 U.S. Dist. LEXIS 234057; *Angeles,* 2021 U.S. Dist. LEXIS; *Hecht*, 2022 U.S. Dist. LEXIS 60836 ("While the Court considers the extraneous

affidavits and materials on this motion, Defendant's own submissions underscore that dismissal on the grounds of mootness at this stage would be precocious.").

As Defendant has intertwined its jurisdictional challenge with this case's merits, *i.e.*, whether access barriers exist on the Website, and this data has not been subjected to the rigors of discovery, the extrinsic evidence Defendant provides from non-parties (here, Refsnes Data and Mozilla) should be considered more analogous to an answer denying the FACAC's allegations, allowing this case to proceed to discovery. *See Mercer v. Jericho Hotels, LLC*, 19-CV-5604 (VSB), 2019 U.S. Dist. LEXIS 199897, at *8 (S.D.N.Y. Nov. 18, 2019) (holding that it is insufficient to dismiss a case based on a "reed thin" assertion by the owner of a public accommodation that accessibility barriers have been remedied). This stands in sharp contrast to cases where the evidence of accessibility was *uncontested*. *Cf. Diaz v. Kroger Co.*, 18 Civ. 7953 (KPF), 2019 U.S. Dist. LEXIS 93177, at *5 (S.D.N.Y. June 4, 2019) ("Plaintiff does not dispute the factual assertions Mr. Whiting makes regarding Defendant's efforts at ADA compliance."); *Guglielmo v. Neb. Furniture Mart, Inc*., 19 Civ. 11197 (KPF), 2020 U.S. Dist. LEXIS 2387097 (S.D.N.Y. Dec. 18, 2020) (plaintiff did not offer any evidence to contest defendant's declaration).

As demonstrated by the Moody Declaration, not only does Plaintiff actively contest this case, but ***barriers to access continue to persist*** even after the filing of the instant Motion to Dismiss, which is sufficient to deny dismissal on mootness grounds. *See Sullivan*, 2019 U.S. Dist. LEXIS 47073 (rejecting dismissal where plaintiff identified continued barriers to accessing certain videos on defendant's website); *Del-Orden v. Bonobos Inc.*, 17 Civ. 2744 (PAE) 2017 U.S. Dist. LEXIS 209251 (S.D.N.Y. Dec. 20, 2017) (holding same, where complaint alleged, and court's review of website confirmed, at least one continued barrier to access).

### E.    PLAINTIFF NEED NOT REQUEST REASONABLE ACCOMMODATION

Places of public accommodation are required to provide equal access to the disabled, not shunt them into separate systems to access their goods and services. Congress enacted the ADA as a "clear and comprehensive national mandate to eliminate discrimination against disabled individuals" *Kreisler,* 731 F.3d at 188. Specifically, the text of the legislation defines discrimination to include:

> [T]he imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered. 42 U.S.C.S.§12182(b)(2)(A)(i).

Discrimination under the ADA is likewise defined to include:

> [F]ailure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C.S.§12182(b)(2)(A)(ii).

Thus, under the ADA, a plaintiff may base a disability discrimination claim on any (or all) of three theories: (i) intentional discrimination (disparate treatment); (ii) disparate impact; or (iii) failure to make a reasonable accommodation. *See Jones v. Thomas*, 20-CV5581 (LLS), 2020 U.S. Dist. LEXIS 156016, at *7 (Aug. 27, 2020) (citations omitted). Importantly, only this last theory requires that a plaintiff request accommodation under 42 U.S.C. §12182(b)(2)(A)(ii). *Id*; *see also Castillo v. Hudson Theatre, LLC*, 412 F. Supp. 3d 447, 450 (S.D.N.Y. 2019); *cf. Arby's Franchisor,* 2021 U.S. Dist. LEXIS 43838*,* at *18-*19 (a request for a reasonable accommodation is required under for claims under the next section, 42 U.S.C. 12182(b)(1)(A)(iii)

The FACAC here properly pleads the first two theories as well as separate causes of action under 42 U.S.C. §12182(b)(1)(A)(i)-(ii) of the ADA. ¶¶ 41-42. Thus, no reasonable grounds exist for Defendant to assert that plaintiff has failed to properly plead an injury.

Failing to request an alternative, however, does not negate the fact of a plaintiff's injury of discrimination in an ADA claim. Following from the text of the act itself, the case law is clear: operators of a public accommodation must ensure disabled people have full and equal access to the services they provide. *See Wu*, 345 F. Supp 3d at 442.

On this last point, courts have found that a single encounter with an accessibility barrier constitutes unlawful discrimination under the ADA if it impairs a plaintiff's full and equal access. *See Feltenstein,* 254 F. Supp. 3d at 655 (finding that even where barriers in question have not completely prevented disabled plaintiffs from visiting a public accommodation, to, plaintiffs still have a valid ADA claim when the barriers render their use of the facility more difficult, burdensome, or dangerous, even if they can visit the facility). This meshes with the fact that the standard for a valid claim under Title III of the ADA is equal access to the public accommodation. *See Del-Orden*, 2017 U.S. Dist. LEXIS 209251 at *19; *see also Pallozzi v. Allstate Life Ins, Co*., 198 F.3d 28, 32 (2d Cir. 1999) (Title III's mandate ensures "full and equal enjoyment of the goods [and] services . . . of any place of public accommodation"). The burden imposed by the ADA is on owners to actively remove barriers and promote equal access for all patrons, not on disabled individuals to address each individual barrier, to their full and equal enjoyment, one at a time. *See Kreisler*, 731 F.3d at 189.

Even had Defendant argues that it had some alternative means to provide the same accommodations and functionality as its website (a proposition the Motion to Dismiss fails to support), Plaintiff still suffers discrimination by being shunted into a separate system in order to access Defendant's products.[5]

---

[5]     Defendant's discussion of *Sullivan v. BDG Media, Inc.*, 146 N.Y.S.3d 395, 402 (N.Y. Sup. Ct. 2021) is inapplicable, as the portion of that case discussing the requirement to request

This is supported by the legislative history of the ADA, which posits that public accommodations must be proactive rather than merely reactive. As Congressman Hamilton Fish stated to the House of Representatives during the debate on the ADA:

> Disabled people tend not to even try to use a public accommodation that is inaccessible. . . In general, when participation by disabled persons isn't contemplated at a place or activity, erroneous assumptions about the skills and inclinations of disabled persons are being made. This is why the ADA requires access to all public accommodations.

101 Cong. Rec. H11452-53 (daily ed. May 22,1990) (statement of Rep. Fish).

As noted repeatedly in the FACAC, the barriers on Defendant's website, prevented Plaintiff's full and equal access to purchasing Defendant's snack spreads, including Honey Sunflower Butter. ¶¶11, 24, 26. This is sufficient to show discrimination under the ADA. *See Dermpoint*, 2021 U.S. Dist. LEXIS 96067 at *5 ("[t]aken as true, these allegations plausibly show that Dermpoint discriminated against Jaquez by denying him a full and equal opportunity to use its website."). Denial of a full and equal opportunity to take advantage of a public accommodation is discrimination under the full language and text of the ADA, as wells its legislative history. Defendant's argument should therefore be rejected as a blinkered reading of the law.

### F.    THE COMPLAINT'S NYCHRL CLAIM SURVIVES AS WELL

For the reasons discussed above, Defendant's attacks on Plaintiff's New York City claims should also fail. Defendant asserts that the Court must likewise dismiss the New York City claims because Plaintiff lacks standing or a valid federal claim. *See* Def. Mem. at 10. However, as detailed *supra*, Defendant has not demonstrated sufficient grounds upon which to obtain dismissal of the ADA claim at issue in this action under either 12(b)(1) or 12(b)(6). *See Bullard v. Drug Policy*

---

reasonable accommodation concerned the New York *State* Human Rights Law, as well as New York Exec. Law § 296, neither of which Plaintiff has made any claims under.

*All.*, 18 Civ. 8081 (KPF), 2019 U.S. Dist. LEXIS 222854, at *23-*24 (S.D.N.Y. Dec. 30, 2019) ("[a] court shall exercise supplemental jurisdiction if a supplemental claim is related to the claim within the court's original jurisdiction such that they form the same case or controversy." (*citing* 28 U.S.C. §1367(a)). Accordingly, Defendant's request to obtain dismissal of the New York City claim should likewise be denied.

## V.    CONCLUSION

For the reasons set forth above, the Court should respectfully deny the Motion to Dismiss in its entirety.[6]

DATED:  New York, New York          **MIZRAHI KROUB LLP**
              October 7, 2022


                                               /s/ Edward Y. Kroub
                                        EDWARD Y. KROUB

                                        EDWARD Y. KROUB
                                        WILLIAM J. DOWNES
                                        200 Vesey Street, 24th Floor
                                        New York, NY  10281
                                        Telephone:  212/595-6200
                                        212/595-9700 (fax)
                                        ekroub@mizrahikroub.com
                                        swdownes@mizrahikroub.com

                                        *Attorneys for Plaintiff*

---

[6]    In the alternative, should the motion be granted, Plaintiff respectfully requests leave to replead.  *See Cortec Industries, Inc., v. Sum Holding L.P.*, 949 F.2d 42 (2d. Cir. 1991); *see also McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *see also Wilson v. Jord Inc.*, No. 20-CV-1899-LJV-JJM, 2022 U.S. Dist. LEXIS 58849 (W.D.N.Y. Mar. 30, 2022) (a recent website accessibility ruling on a motion to dismiss granting plaintiff leave to amend).